*Cmmc*
*x Gl44*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Magistrate Docket No. '21 MJ0366 |
|---|---|
| v. | COMPLAINT FOR VIOLATION OF: |
| LEOBARDO SOTO-TOLEDO, | Title 8, U.S.C., Sec. 1324(a)(2)(B)(iii) – Bringing in Aliens Without Presentation; Title 18, U.S.C, Sec. 2 – Aiding and Abetting |
| Defendant. | |

The undersigned complainant being duly sworn, states:

On or about January 29, 2021, within the Southern District of California, defendant Leobardo SOTO-Toledo, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that certain aliens, namely, Ricardo AYALA-Lopez, Jorge BERNAL-Bernal, Alan Giovanny CRUZ-Gutierrez, Miguel Angel CRUZ-Lozano, Luis Alejandro DIAZ-Lopez, Mateo GONZALEZ-Santiago, Alejandro JUAREZ-Pinacho, Jesus Eduardo PEDROZA-Bernal, Adrian PEDROZA-Guadarrama, Kevin Antonio PEREZ-Augustin, Armando PINON-Arteaga, Jorge ROMAN-Vielman, Nicolas SANCHEZ-Diaz, Refugio SANCHEZ-Espinoza, Reynaldo SANCHEZ-Montes De Oca, Carmelo TAPIA-Garcia, and Paz TAPIA-Garcia, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii) and Title 18, United States Code, Section 2.

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference

SIGNATURE OF COMPLAINANT
Matthew R. Kucewicz
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON FEBRUARY 1, 2021.

HON. ANDREW G. SCHOPLER
United States Magistrate Judge

**CONTINUATION OF COMPLAINT:**
Leobardo SOTO-Toledo

### AMENDED
### PROBABLE CAUSE STATEMENT

The complainant states that Ricardo AYALA-Lopez, Jorge BERNAL-Bernal, Alan Giovanny CRUZ-Gutierrez, Miguel Angel CRUZ-Lozano, Luis Alejandro DIAZ-Lopez, Mateo GONZALEZ-Santiago, Alejandro JUAREZ-Pinacho, Jesus Eduardo PEDROZA-Bernal, Adrian PEDROZA-Guadarrama, Kevin Antonio PEREZ-Augustin, Armando PINON-Arteaga, Jorge ROMAN-Vielman, Nicolas SANCHEZ-Diaz, Refugio SANCHEZ-Espinoza, Reynaldo SANCHEZ-Montes De Oca, Carmelo TAPIA-Garcia, and Paz TAPIA-Garcia, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On the afternoon of January 29, 2021, the Chula Vista Border Patrol Station's area of responsibility was experiencing rain and harsh weather. There are storm drains in this area that assist with water runoff from Mexico. When it rains, water moves swiftly north in the drains, funneling through grates into the United States. At times, particularly when the grates are opened, undocumented aliens will attempt to enter the United States by entering and walking through the drains--which go underground, under the primary and secondary border fences--into the United States. One such grate (referred to hereafter as "the Grate"), is located approximately one-and-a-half miles east of the San Ysidro, California Port of Entry and 200 meters north of the United States/Mexico International Boundary.

At approximately 3:00 PM on January 29, 2021, a Remote Video Surveillance System operator notified agents of a large group of individuals staging to cross into the United States through a compromise in the primary border fence. This area is located in the immediate vicinity--within several hundred yards--of the Grate described above. It is a common tactic used by smugglers to send a large group through or over the border fence in this area to distract agents while others enter the drainage tubes leading to the Grate in order to enter the United States. Border Patrol Agent L. Corrales, while wearing his full rough duty uniform with insignia and badge visible, responded to the area and observed two individuals run into a heavily vegetated swamp area. Agent Corrales also observed two individuals dropping from the primary border fence and running into the swamp area. Agent Corrales was able to detain one individual, who he gave to Border Patrol Agent L. Canizalez, while Agent Corrales went into the swamp to search for the other individuals. After a brief search, Agent Corrales encountered and detained another individual, which he walked back to Agent Canizales. In the meantime, Agent Canizales had apprehended a third individual. Agent Corrales conducted an immigration inspection on all

**CONTINUATION OF COMPLAINT:**
Leobardo SOTO-Toledo

three individuals. All three individuals, later identified as material witnesses, Mateo
GONZALEZ-Santiago, Alejandro JUAREZ-Pinacho and Kevin Antonio PEREZ-Augustin,
stated that they are citizens of Guatemala with no immigration documents allowing them to
enter or remain in the United States legally. It was later determined that JUAREZ was actually
a citizen of Mexico. At approximately 3:40 PM, Agent Corrales placed all three individuals
under arrest.

Shortly thereafter, at approximately 3:45 PM, a digital intrusion device activated at the Grate.
Border Patrol Agent L. Chau responded to the location. At approximately 3:50 PM, Agent Chau
heard multiple voices shouting for help from within the storm drain. It was raining and the
water was moving fast and high inside the Grate  As Agent Chau opened the mechanical grate
an unresponsive male floated downstream. Agent Chau immediately requested backup and
Emergency Medical Services. Agent Chau then identified herself as a Border Patrol Agent to
the individual at the Grate, later identified as the defendant, Leobardo SOTO-Toledo. SOTO
told Agent Chau that the individual who floated downstream was his brother, and that he was
deceased. Agent Chau asked SOTO if he needed medical aid, which SOTO refused. Agent
Chau offered SOTO an emergency blanket, which SOTO utilized until Emergency Medical
Services arrived. Agent Chau conducted an immigration inspection on SOTO. SOTO stated
that he is a citizen of Mexico without any immigration documents allowing him to be in the
United States legally.

Agent Corrales responded to assist Agent Chau, and observed a large group of individuals flow
out of the Grate and into a deep pool of water that led to a swamp area. Agent Corrales was
able to encounter five individuals, before noticing an unresponsive female floating in the water.
Agent Corrales immediately got the female, later identified as material witness, Paz TAPIA-
Garcia, out of the water. Agent Corrales noticed that TAPIA was not breathing and began chest
compressions until she coughed up water and regained consciousness. After TAPIA received
medical attention and was fully coherent, six more individuals that had absconded to the swamp
area approached Agent Corrales. Agent Corrales conducted an immigration inspection on all
seven individuals. All seven individuals, later identified as material witnesses, Jorge BERNAL-
Bernal, Jesus Eduardo PEDROZA-Bernal, Adrian PEDROZA-Guadarrama, Nicolas
SANCHEZ-Diaz, Reynaldo SANCHEZ-Montes De Oca, Carmelo TAPIA-Garcia and TAPIA,
stated that they are citizens of Mexico without any immigration documents allowing them to
enter or remain in the United States legally. Some individuals who entered through the Grate
were not apprehended at this time by Border Patrol.

**CONTINUATION OF COMPLAINT:**
 Leobardo SOTO-Toledo

While these events were unfolding, Border Patrol Agent B. Camacho located a deceased individual downstream. The deceased individual was later identified as Diego SOTO-Castro, the defendant's brother.

At approximately 7:00 PM, a Remote Video Surveillance System operator notified agents of five individuals exiting the swampy trees north of the Grate. Border Patrol Agent M. Denning responded to the area and after a brief search was able to encounter five individuals attempting to hide under some bushes. Agent Denning identified himself as a Border Patrol Agent and conducted an immigration inspection. Four of the five individuals, later identified as material witnesses, Ricardo AYALA-Lopez, Alan CRUZ-Gutierrez, Miguel CRUZ-Lozano and Refugio SANCHEZ-Espinoza, stated that they are citizens of Mexico. The other individual, later identified as, material witness Jorge ROMAN-Vielman, stated that he is a citizen and national of Guatemala. All five individuals stated that they do not have any immigration documents allowing them to enter or remain in the United States legally. Agent Denning placed all five individuals under arrest. In later interviews, each of these individuals stated that they entered the United States by going through the Grate.

At approximately 11:30 PM, a Remote Video Surveillance Systems operator, notified agents of two individuals walking north in an area known to Border Patrol agents as "Dillons Tree Line." Border Patrol Agent E. Del Rio responded to the area and after a brief search encountered two individuals attempting to conceal themselves in some brush. Agent Del Rio identified himself as a Border Patrol Agent and conducted an immigration inspection. Both individuals, later identified as material witnesses, Luis Alejandro DIAZ-Lopez and Armando PINON-Arteaga, stated that they are citizens of Mexico without any immigration documents allowing them to enter or remain in the United States legally. At approximately 11:45 PM, Agent Del Rio placed both individuals under arrest. During a later interview, DIAZ-Lopez stated that he entered into the United States earlier that day at approximately 4:00 PM by crossing through the drainage ditch with a group of people. PINON-Arteaga stated that he also entered through the drainage "tube." He said there were approximately 20 people in front of him and 20 people behind him waiting to enter the tube. He feared for his life because people were pushing him inside the drainage tube and he could not see light at the end of the tube.

On January 29, 2021, at approximately 10:34 P.M., SOTO was advised of his Miranda rights. SOTO stated that he understood his rights and was willing to answer any questions without the presence of a lawyer. SOTO stated that he and his deceased brother were longtime residents of the Colonia Libertad located in Tijuana, Mexico. At this time, SOTO denied being involved in

**CONTINUATION OF COMPLAINT:**
 Leobardo SOTO-Toledo

the smuggling event. He said that he was trying to prevent water from damaging their residence when the rainwater swept him into the tube. The next morning, however, SOTO admitted that he was in fact offered $500 by a known smuggler to go through the drains to the grate, then attempt to convince Border Patrol to open the grate by yelling for help. The plan was that once the grate was open, the group behind seeking to illegally enter the United States could then proceed through the grate and into the United States.

During later investigation, all of the Material Witnesses admitted to being citizens of a country other than the United States and to being illegally present in the United States. Material Witness SANCHEZ-Montes de Oca, who was apprehended by Agent Corrales shortly after the Grate was opened, identified SOTO as a possible guide in the event. Material Witness ROMAN, who was apprehended by Agent Denning in the 7:00 PM group described above, stated that the foot guides were brothers, and that the individual who died was one of the foot guides. ROMAN did not identify SOTO in a photo lineup. Material Witness JUAREZ, arrested by Agent Corrales in the 3:00 PM group described above, stated two individuals helped him and some other individuals cross into the United States through an opening that was created in the fence. JUAREZ was shown a photo lineup and identified the defendant SOTO as one of the two individuals. JUAREZ stated that SOTO told them to "hurry up and get in." JUAREZ stated that in the last two weeks prior to crossing, he had several encounters with SOTO and another subject with regards to smuggling arrangements. The other Material Witnesses were unable to identify SOTO in a photo lineup.

**CONTINUATION OF COMPLAINT:**
**Leobardo SOTO-Toledo,**

### PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:
The complainant states that Reynaldo SANCHEZ-Montes de Oca, Jorge Ambrosio ROMAN-Vielman, Paz TAPIA-Garcia, Miguel Angel CRUZ-Lozano, Luis Alejandro DIAZ-Lopez, and Carmelo TAPIA-Garcia, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On January 29, 2021, Border Patrol Agent L. Chau, was performing assigned duties within the Chula Vista Border Patrol Station's area of responsibility. Agent Chau was in full rough duty uniform with badge and insignia visible.

On this day, the area was experiencing rain and harsh weather. Areas of the Chula Vista Station's Area of Responsibility have storm drains that assist with water runoff from Mexico. When it rains, water moves swiftly north in the drains, funneling through grates, north into the United States. At times, particularly when the grates are opened, undocumented aliens will attempt to enter the United States by entering the drains in Mexico and walking through the drains—which go under the primary and secondary border fences—into the United States. At approximately 3:45 P.M., Agent Chau responded to a seismic activation alert at a storm grate approximately four miles east of the San Ysidro, California Port of Entry, and 200 meters north of the US/Mexico International Boundary. At approximately 3:50 P.M., Agent Chau heard multiple voices shouting for help from within the storm drain as she trekked through the muddy terrain to the grate. It was raining and the water was moving fast and high inside the grate. Agent Chau observed one individual inside the grate, who was yelling for help. Agent Chau opened the mechanical grate to assist the individual. When Agent Chau opened the grate, an unresponsive male floated downstream. Agent Chau immediately requested backup and Emergency Medical Services.

Agent Chau identified herself to the individual at the grate, identified later as the defendant, Leobardo SOTO. SOTO told Agent Chau that the individual who floated downstream was his brother, and that he was deceased. Agent Chau asked SOTO if he needed medical aid, which SOTO refused. Agent Chau offered SOTO an emergency blanket, which SOTO utilized until Emergency Medical Services arrived. Agent Chau conducted an immigration inspection on SOTO. SOTO stated that he is a citizen of Mexico, with no documents to be in or remain in the United States. Shortly there after Agent Chau placed SOTO under arrest.

**CONTINUATION OF COMPLAINT:**
Leobardo SOTO-Toledo,


During that time Border Patrol Agent B. Camacho had responded and located a deceased individual downstream from Agent Chau. The deceased individual was identified as Diego SOTO-Castro, the defendant's brother.

Shortly thereafter, a large number of other individuals, approximately between 25 and 30, exited out of the grate. Around the same time, other individuals also attempted to cross into the United States from Mexico by climbing over the primary and secondary border fences. Several of these individuals who entered through the grates had to be rescued, including an unresponsive female later identified as Material Witness Paz TAPIA-Garcia. Border Patrol Agent L. Corrales, while attempting to apprehend several individuals, saw TAPIA-Garcia floating unresponsively in the water. Agent Corrales stopped what he was doing to attend to TAPIA. Agent Corrales began chest compressions and TAPIA-Garcia thereafter regained consciousness.

Other agents also responded to the grate to attempt to assist and apprehend others who had entered through the open grate. Ultimately, the individuals apprehended who went through the grate on January 29, 2021 included the Material Witnesses named above--Reynaldo SANCHEZ-Montes de Oca, Jorge Ambrosio ROMAN-Vielman, Paz TAPIA-Garcia, Miguel Angel CRUZ-Lozano, Luis Alejandro DIAZ-Lopez, and Carmelo Tapia-Garcia.

During later investigation the Material Witnesses all admitted to being citizens of a country other than the United States and to being illegally present in the United States. SANCHEZ-Montes de Oca identified SOTO as a possible guide in the event. The others were unable to identify SOTO in a photo lineup. Material Witness Roman VIELMAN stated that the foot guides were brothers, and that the individual that died was one of the foot guides. VIELMAN did not identify SOTO in a photo lineup.

**CONTINUATION OF COMPLAINT:**
**Leobardo SOTO-Toledo,**

On January 29, 2021, at approximately 10:34 P.M., SOTO was advised of his Miranda rights. SOTO stated that he understood his rights and was willing to answer any questions without the presence of a lawyer. SOTO stated that he and his deceased brother were longtime residents of the Colonia Libertad located in Tijuana, Mexico. At this time, SOTO denied being involved in the smuggling event. He said that he was trying to prevent water from damaging their residence when the rainwater swept him into the tube. The next morning, however, SOTO admitted that he was in fact offered $500 by a known smuggler to go through the drains to the grate, then attempt to convince Border Patrol to open the grate by yelling for help. The plan was that once the grate was open, the group behind seeking to illegally enter the United States could then proceed through the grate and into the United States.

**Executed on January 31, 2021 at 3:30 P.M.**

Matthew R. Kucewicz
Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 3 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on January 29, 2021, in violation of 8 USC 1324(a)(2)(B)(iii).

**3:50 PM, Jan 31, 2021**

HON. ANDREW G. SCHOPLER                    Date/Time
United States Magistrate Judge